UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TONI S.,

      Plaintiff,

    v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

Case No.    1:25-cv-00314

Hon.  Maarten Vermaat
U.S. Magistrate Judge

## **OPINION**

This opinion addresses Plaintiff's appeal of Administrative Law Judge (ALJ) Hixson's decision denying Plaintiff's request for Supplement Security Income (SSI). This appeal is brought pursuant to 42 U.S.C. § 405(g).

The record before the Court demonstrates that Plaintiff suffers from a number of severe medically determinable impairments, including hypertension, degenerative disc disease, periportal lymphadenopathy, congenital foot deformity, anxiety disorder, personality disorder, and polysubstance abuse disorder.   Plaintiff was 52 years old on the date that the ALJ issued the opinion.   ECF No. 10, PageID.920. Plaintiff asserts that the ALJ's formulation of Plaintiff's Residual Functional Capacity (RFC) and assessment of the limiting effects of Plaintiff's pain and symptoms are not supported by substantial evidence and based upon an erroneous application of the legal standards.

Plaintiff's primary arguments are that the ALJ erred in failing to identify evidence supporting her RFC determination that Plaintiff could perform light work

1

with a sit/stand option and failed to address her need to lie down during the day. Further, Plaintiff argues that the ALJ erred by relying on her non-compliance with recommended treatment and that her methadone treatment required physical exertion that was inconsistent with her asserted physical limitations.    The Commissioner asserts that substantial evidence supports the ALJ's decision that Plaintiff could perform light work with restrictions.

For the reasons stated below, the undersigned reverses the ALJ's decision.

## I.    Procedural History

### A.    Key Dates

The ALJ's decision notes that Plaintiff applied for SSI on May 31, 2022, alleging an onset date of January 1, 2007.   ECF No. 5-2, PageID.42.   Plaintiff's claim was initially denied by the Social Security Administration (SSA) on January 18, 2023.   *Id*.   The claim was denied on reconsideration on October 9, 2023.   *Id*. Plaintiff then requested a hearing before an ALJ.   ALJ Hixson conducted a hearing on Plaintiff's claim on July 9, 2024, and issued her decision on August 27, 2024. *Id*., PageID.59.   Plaintiff timely filed this lawsuit on March 30, 2025.   ECF No. 1.

### B.  Summary of ALJ's Decision

The ALJ's decision correctly outlined the five-step sequential process for determining whether an individual is disabled.   ECF No. 5-2, PageID.43-45.

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since May 31, 2022.   *Id*., PageID.45.

At Step Two, the ALJ found that the Plaintiff had the following severe

impairments:

> hypertension; degenerative disc disease of the lumbar spine; umbilical hernia; periportal lymphadenopathy; congenital foot deformity; anxiety disorder; personality disorder; and polysubstance use disorder.

*Id.*, PageID.45.

The ALJ discussed a number of non-severe impairments, including hepatitis C, gastroesophageal reflux disease, and posttraumatic stress disorder. *Id.*, PageID.46. The ALJ also discussed the Paragraph B criteria, finding moderate limitations in understanding, remembering, or applying information; in interacting with others; in concentrating, persisting, or maintaining pace; and in adapting or managing oneself. *Id.*, PageID.47-48.

At Step Three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*, PageID.46-48. The ALJ specifically commented on the impairments listed in 1.15 (skeletal spine disorders), 1.18 (joint abnormalities), 12.06 (anxiety and obsessive-compulsive disorders), and 12.08 (personality and impulse control disorders). *Id.*, PageID.46-47.

Before going on to Step Four, the ALJ found that the Plaintiff had the following RFC:

> to perform light work as defined in 20 CFR 416.967(b) except: The claimant requires a sit/stand option every hour for five minutes; can occasionally climb ramps and stairs; no ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl. She can have no concentrated exposure to vibration and no exposure to unprotected heights, hazardous machinery, or commercial driving. She can perform simple routine tasks with simple short instructions and make simple decisions in an environment with occasional workplace

changes no strict production rate or hourly quotas and occasional interaction with coworkers, supervisors and the public.

*Id.*, PageID.49.

The ALJ devoted nine pages to discussing Plaintiff's RFC.  This discussion included the following:

- a summary of the regulations regarding how the ALJ will address Plaintiff's symptoms, *id.*, PageID.50-51,

- a summary of Plaintiff's statements, *id.*, PageID.50

- a summary of the medical records relating to a prior social security claim involving a lumbar spine x-ray, foot deformities, hypertension, polysubstance abuse, and a summary of an examination by consultative psychologist Anne Kantor, MA, *id.*, PageID.50-52,

- a summary of the medical records relating to back and lower extremity pain, umbilical hernia, polysubstance issues, mental health treatment including treatment for depression and anxiety, *id.*, PageID.52-55,

- a summary of opinions by consultive examiners Dr. Simpson, Dr. Friedman, Dr. Geoghegan, and psychologists Kantor and Jourdan, *id.*, PageID.55-57, and

- an explanation of how the ALJ arrived at her decision on the Plaintiff's RFC, *id.*, PageID.57.

At Step Four, the ALJ concluded that, through the DLI, the Plaintiff was unable to perform Past Relevant Work (PRW).  *Id.*

At Step Five, the ALJ considered the Plaintiff's age, education, work

4

experience and RFC and concluded that there are significant numbers of jobs in the national economy that Plaintiff could perform.   *Id.*, PageID.58.

## II.    Standard of Review

Review of an ALJ's decision is limited to two issues: (1) "whether the ALJ applied the correct legal standards," and (2) "whether the findings of the ALJ are supported by substantial evidence."   *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); 42 U.S.C. § 405(g).   The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.   *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence.   42 U.S.C. § 405(g).

Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion."   *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991).   In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and whatever evidence in the record fairly detracts from its weight.   *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984) (citations omitted).   The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.   *Mullen v. Bowen*, 800 F.2d 535, 545

(6th Cir. 1986) (citation omitted).   This standard affords the administrative decision maker considerable latitude and acknowledges that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.   *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

### III.   Analysis

Plaintiff argues that the ALJ erred in her RFC determination by failing to identify evidence to support her assessment that Plaintiff could perform light work or perform light work that allowed her to alternate between walking, sitting, and standing for five minutes per hour.   Plaintiff further argues that the ALJ failed to articulate how she could lift 20 pounds and ignored her assertion that she needed to lie down during the day.   The Commissioner argues that the ALJ is only required to justify her RFC restrictions by the evidence in the record and is not required "to point to evidence to prove that Plaintiff could perform light work."   ECF No. 11, PageID.936.

RFC is an administrative finding of fact reserved for the Commissioner.   20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Deaton v. Comm'r of Soc. Sec.*, 315 F. App'x 595, 598 (6th Cir. 2009).   While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence.   *Torres v. Comm'r of Soc. Sec*, 490 F. App'x 748, 754 (6th Cir. 2012).   If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion."   *Id.*

Ultimately, the ALJ may consider *all* relevant evidence on record, including an individual's medical history, reports of daily activity, and recorded observations. SSR 96-8p.  The "ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and nonmedical evidence." *Rudd v. Comm'r of Soc. Sec.,* 531 F. App'x 719, 728 (6th Cir. 2013).

> The regulations define light work:
>
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR 416.967(b)

Plaintiff says that she could only lift 5 pounds, and that the ALJ failed to articulate how she could perform light work which requires her to lift 20 pounds. ECF No. 5-2, PageID.83.  Plaintiff says that the ALJ failed to articulate evidence in the record that supported her finding that Plaintiff could perform light work with a sit/stand option for five minutes every hour.   At the hearing, Plaintiff stated that she could stand for about ten minutes and sit without having to get up, for not more than five minutes, before she would need to stretch.  *Id.*, PageID.84.   Finally, Plaintiff argues that the ALJ failed to address her need to lie down during the workday.  *Id.*, PageID.85.

In support of her RFC assessment, the ALJ noted that an x-ray revealed mild

degenerative disc disease, and that her primary care provider's notes documented a deformity in Plaintiff's big toe on her right foot, and a deformity in her left foot. *Id.*, PageID.50, 52. Consultative examiner Dr. Simpson observed that Plaintiff walked with a slightly wide-based gait and had no difficulty getting on and off the examination table and had mild difficulty with heel and toe walking and squatting. *Id.* During a February of 2022 examination, back tenderness was noted, and in March of 2022 Plaintiff received an injection in her back for pain. *Id.*, PageID.51.

The ALJ acknowledged that Plaintiff had a history of polysubstance abuse. Plaintiff was provided psychological consultative examinations by Anne Kanter in 2018 and again in 2023. *Id.*, PageID.51, 54. Upon examination in 2018, it was noted that Plaintiff had a normal posture and gait. During the 2023 examination, the Plaintiff reported that her back pain made her toes go numb and that she could stand for no longer than 15 minutes due to pain. *Id.*, PageID.54.

In 2023, examination confirmed an abdominal hernia but examination of her lumbar spine was unremarkable, with negative strait leg testing. *Id.*, PageID.52.

An August 15, 2023, examination with consultative examiner Dr. Geoghegan found that Plaintiff had full range of motion, negative straight leg raising, full strength, full grip strength with full dexterity bilaterally, intact sensation, and no paravertebral muscle spasms. *Id.* Plaintiff was able to get on and off the examination table without difficulty and had mild difficulty squatting. *Id.*, PageID.53. She refused to perform heel and toe walking due to pain. *Id.*

At her primary care examination in September 2023, Plaintiff indicated that

she was living in her car, which made it difficult for her to schedule care, but that she had reengaged at the clinic for methadone treatment.  *Id.*  On examination, she had a normal gait, negative straight leg testing, no spine tenderness, and mild tenderness of the abdomen and reducible abdominal hernia.  *Id.*  During her October examination, she showed a normal gait without tenderness at the back, negative straight leg raising, mild nonpitting edema of the bilateral ankles, and hammertoe in the left foot with a swollen great toe in the right foot.  *Id.*  An ultrasound in November of 2023 confirmed a fat-containing umbilical hernia.  *Id.*

During a February 2024 examination, Plaintiff showed decreased pinprick sensation in her right leg with decreased motor strength and foot dorsiflexion.  *Id.*

The ALJ stated that:

> The existence of these impairments does help support the finding that the claimant is limited to tasks with light physical demand, but the treatment records do not contain any specific lifting restrictions, nor recommendations from the claimant's treatment providers that she undergo surgical repair of the hernia.

*Id.*, PageID.55.  Medical consultant Dr. Friedman limited Plaintiff to medium work with postural limitations including that Plaintiff could frequently climb ladders, ropes and scaffolds, and stoop, kneel, crouch, and crawl.  *Id.*, PageID.56.  The ALJ found Dr. Freidman's finding not fully persuasive because he failed to consider that Plaintiff's hernia could be a factor in lifting heavy weights and gave insufficient consideration to her pain complaints.  *Id.*  The ALJ found Dr. Geoghegan's examination of Plaintiff persuasive because he determined that Plaintiff could complete some tasks with mild difficulty; her range of motion and motor strength was

intact; she had normal gait and did not use an assistive device; and she had normal grip strength and had a normal cardiac and pulmonary examination other than elevated blood pressure. *Id.* The ALJ found Dr. Geoghegan's opinion not fully persuasive because he did provide an assessment of the degree of limitation that Plaintiff would experience. Finally, the ALJ found the more recent psychological assessments that Plaintiff was capable of understanding, remembering, and carrying out instructions, making decisions, and performing simple, routine and repetitive work was persuasive. *Id.*, PageID.57.

The ALJ explained her reasoning for her RFC assessment:

Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the evidence summarized above. The claimant is limited to light exertion work. The pain associated with the combination of her back impairment and her feet support the additional limitation that the claimant requires a sit/stand option every hour for 5 minutes without leaving her workstation. The claimant takes sedating medications, including methadone and there is at least some indication from an examination with her physician that she experiences numbness of the right lower extremity (Exhibit B12F/7). This leads to the finding that the claimant can never climb ladders, ropes, or scaffolds and must not have exposure to unprotected heights, hazardous machinery or commercial driving. Considering the combined effect of all of the claimant's physical impairment, she is also limited to no more than occasional climbing of ramps and stairs, stooping, kneeling, crouching or crawling and frequent balancing. For the same reason, she can have no concentrated exposure to vibration.

As for the claimant's mental impairments, these limit her to performing simple routine tasks with simple short instructions, no strict production rate or hourly quotas and making simple decisions in an environment with only occasional workplace changes in no more than occasional interaction with coworkers, supervisors and the public.

*Id.*

Ultimately, it the responsibility of the ALJ to build an "accurate and logical bridge" from the evidence to her conclusions. *Lamere v. Comm'r of Soc. Sec.*, No. 2:17-CV-93, 2018 WL 4501201, at *4 (W.D. Mich. Sept. 20, 2018). The ALJ's RFC decision must allow the Court to trace the path of the ALJ's reasoning. *Skinner v.*

*Comm'r of Soc. Sec.*, No. 2:23-CV-155, 2024 WL 3970267, at *1 (W.D. Mich. Aug. 28, 2024).   Here, however, the ALJ did not fully explain why she limited Plaintiff to a sit/stand option every hour for five minutes.   The ALJ provided this limitation due to Plaintiff's pain complaints, but the ALJ did not point to any medical evidence in the record, including any opinion evidence, or any non-medical evidence in the record that could show that Plaintiff was able to perform light work with a sit/stand option every hour for five minutes.   Nor did the ALJ address Plaintiff's complaints that she needed to lie down during the day.   For these reasons, the Court respectfully reverses the decision of the ALJ.

## IV.    Conclusion

Accordingly, the ALJ's decision is reversed and this matter is remanded to the Commissioner for further consideration.


Dated:    February 13, 2026                                    /s/ *Maarten Vermaat*
                                                                          MAARTEN VERMAAT
                                                                          U.S. MAGISTRATE JUDGE